**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

OWEN ODDMAN *aka* CHARLES LLEWELYN,

    Petitioner,

v.

DAVID ORTIZ, *et al.*,

    Respondents.
_____

Civ. No. 18-9391 (RMB)

**OPINION**

**BUMB,** United States District Judge

    On May 18, 2018, Petitioner Owen Oddman, a prisoner confined in the Federal Correctional Institution ("FCI-Fort Dix") in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, specifically that the sentencing court exceeded the statutory maximum sentence for the offense of conviction. (Id.)

    Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, applicable here for the reasons discussed below, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I. BACKGROUND

On January 23, 2001, a jury in the United States District Court, Western District of North Carolina found Petitioner guilty of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in violation of 8 U.S.C. §§ 841(a) & 846. (Pet., ECF No. 1, ¶¶1-5.) U.S. v. Odman, 4:96-cr-00053-MR-1 (W.D.N.C.) Jury Verdict, ECF No. 429).[1] Judgment was entered on August 6, 2001 and Petitioner was sentenced to a 360-month term of imprisonment and a 5-year term of supervised release. (Id., Judgment, ECF No. 469.)

Petitioner appealed his conviction (Id., Notice of Appeal, ECF No. 468), and the Fourth Circuit Court of Appeals affirmed the conviction on September 25, 2002. U.S. v. Odman, 47 F. App'x 221 (4th Cir. Sept. 25, 2002) (per curiam). The U.S. Supreme Court denied certification on February 23, 2004. Odman v. U.S., 537 U.S. 1211 *rehearing denied* 538 U.S. 995 (2003). After withdrawing his first motion to vacate, set aside or correct sentence under 28

---

[1] Available at www.PACER.gov. In the Western District of North Carolina, Petitioner spelled his last name "Odman" although he now refers to himself as "Oddman."

2

U.S.C. § 2255, Petitioner refiled on March 11, 2004. (Odman v. U.S., No. 4:96CR53 (W.D.N.C.) 2255 Mot., ECF No. 24.) The District Court denied relief under § 2255 on December 9, 2005. Odman v. U.S., No. 4:96CR53, 2005 WL 3409656 (W.D.N.C. Dec. 9, 2005). Petitioner appealed to the Fourth Circuit, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal on July 27, 2006. U.S. v. Odman, 191 F. App'x 247 (4th Cir. 2006) (per curiam). The U.S. Supreme Court denied certification on February 26, 2007. Odman v. U.S., 549 U.S. 1258 (2007).

On August 13, 2012, the sentencing court granted Petitioner's motion to reduce sentence pursuant to 18 U.S.C. § 3582, and reduced his term of imprisonment to 292-months. (Odman v. U.S., No. 4:96CR53 (W.D.N.C.) Order, ECF No. 686.)

On August 28, 2012, Petitioner filed a motion for correction of illegal sentence. (Id., Mot. for Correction, ECF No. 691.) Petitioner argued, pursuant to U.S.S.G. § 5G1.3, that the sentencing court erred by imposing a sentence consecutive to his sentence in the Southern District of Florida, because the offense in Florida was used to calculate his sentencing range. (Id. at 7-8.) The sentencing court denied the motion because Petitioner sought relief under 18 U.S.C. § 3582, and the alleged error was outside the scope of a sentence modification under § 3582. (Id., Order, ECF No. 696 at 2-3.)

Undeterred, on April 22, 2013, Petitioner filed a motion to

3

vacate under § 2255, arguing that he was sentenced above the maximum provided by statute, his sentence was imposed in violation of the ex post facto clause, his sentence was imposed under an unconstitutional sentencing scheme [pursuant to *Apprendi*], and he alleged a speedy trial violation. (*Odman v. U.S.*, No. 4:96CR53 (W.D.N.C.) Mem. in Supp. of Mot. to Vacate, ECF No. 713-1.) On August 22, 2013, the sentencing court dismissed the motion as an unauthorized successive petition. (*Id.*, Order, ECF No. 719.) The Fourth Circuit dismissed Petitioner's appeal, and issued a Mandate on May 20, 2014. (*Id.*, USCA Judgment, ECF No. 722; Mandate, ECF No. 726.)

Petitioner filed yet another motion to vacate under 28 U.S.C. § 2255 on April 28, 2014, once again arguing that his sentence exceeded the statutory maximum. (*Id.*, Mot. to Vacate, ECF No. 724.) This motion was also denied as an unauthorized successive motion. (*Id.*, Order, ECF No. 737.) The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. (*Id.*, Unpublished USCA Opinion, ECF No. 731; Mandate, ECF No. 732.)

On January 19, 2016, the sentencing court granted Petitioner's motion to reduce sentence under Amendment 782, and reduced his term of imprisonment to 235 months. (*Id.*, Order, ECF No. 739.) The sentencing court denied the following motions subsequently filed by Petitioner, Motion to Correct Error in the Record (ECF No. 741); motion to alter or amend judgment (ECF No.

4

743); and motion for clarification of sentence (ECF No. 753). (Id., Orders, ECF Nos. 742, 744, 754.)

In his instant § 2241 petition, Petitioner asserts the sentencing court imposed a sentence in excess of the statutory maximum authorized by Congress, violating the Separation of Powers doctrine. (Mem. of Law in Supp. of Pet., ECF No. 1-5 at 1.) He further argues that Section 2255 is an ineffective or inadequate remedy because § 2255 applies only to "final" sentences, and illegal, unauthorized sentences can never be final. (Id. at 2.)

II. DISCUSSION

Before the Court can reach the merits of the petition, it must determine whether it has jurisdiction under 28 U.S.C. § 2241. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

In the Third Circuit, there is an exception to the general rule that a petitioner must challenge his conviction and sentence in the sentencing court under § 2255, when the petitioner "had no earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Bakhtiari v. Warden, No. 18-1402, 2018 WL 3099899 at *1 (3d Cir. June 25, 2018) (per curiam) ("To date, we have applied the inadequate or ineffective savings clause exception only when an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review.") (internal quotations omitted)). A remedy under § 2255 is not inadequate or ineffective because the petitioner cannot meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Petitioner, having failed to get the relief he seeks in the sentencing court, is attempting to get around the gatekeeping requirements imposed by Congress under § 2255 by bringing his claim in another jurisdiction under § 2241. Petitioner does not rely on a retroactively applicable change in statutory interpretation that renders him innocent of the substantive crime. See Hernandez v. Martinez, 327 F. App'x 340, 343 (3d Cir. 2009) (rejecting the argument that § 2255 was an inadequate and ineffective remedy for claim that sentence exceeded the statutory maximum).

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition. This

Order does not preclude Petitioner from seeking permission with the Fourth Circuit Court of Appeals to bring his claims in a successive § 2255 motion in his sentencing court.

An appropriate order follows.

Dated: September 19, 2018

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**