# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                :
OWEN ODDMAN *aka* CHARLES       :
LLEWELYN,                       :
                                :    Civ. No. 18-9391 (RMB)
        Petitioner,             :
                                :
    v.                          :    **OPINION**
                                :
                                :
DAVID ORTIZ, *et al.*,          :
                                :
        Respondents.            :
_____     :

**BUMB,** United States District Judge

On May 18, 2018, Petitioner Owen Oddman, a prisoner confined in the Federal Correctional Institution ("FCI-Fort Dix") in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner asserted that jurisdiction is proper under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, specifically that the sentencing court exceeded the statutory maximum sentence for the offense of conviction. (Id.) On September 19, 2018, the Court dismissed the petition for lack of jurisdiction. (Order, ECF No. 4.) Now before the Court is Petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Mot. to Alter/Amend.") For the

reasons discussed below, the Court will deny the motion.

I. BACKGROUND

Petitioner, a Jamaican citizen, is serving a 360-month term of imprisonment, subsequently reduced under 18 U.S.C. § 3582 to 235 months, after a jury in the United States District Court, Western District of North Carolina found Petitioner guilty of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in violation of 8 U.S.C. §§ 841(a) & 846. (Pet., ECF No. 1, ¶¶1-5; Petr's Mem., ECF No. 1-5 at 1.) U.S. v. Odman, 4:96-cr-00053-MR-1 (W.D.N.C.) Jury Verdict, ECF No. 429).[1] Judgment was entered on August 6, 2001 (Id., Judgment, ECF No. 469.) After his appeal was denied, Petitioner filed multiple motions under 28 U.S.C. § 2255 and other motions challenging his sentence, all of which were denied or otherwise dismissed. U.S. v. Odman, 47 F. App'x 221 (4th Cir. Sept. 25, 2002) (per curiam), Odman v. U.S., No. 4:96CR53, 2005 WL 3409656 (W.D.N.C. Dec. 9, 2005).

In his § 2241 petition, Petitioner asserted that the sentencing court imposed a sentence in excess of the statutory maximum authorized by Congress, violating the Separation of Powers doctrine. (Petr's Mem., ECF No. 1-5 at 1.) Petitioner attached to

---

[1] Available at www.PACER.gov. In the Western District of North Carolina, Petitioner spelled his last name "Odman" although he now refers to himself as "Oddman."

his petition excerpts from the Government's appellate brief, in which he claims the Government conceded that the Jury verdict violated 21 U.S.C. § 841(b)(1)(C). (Petr's Mem., ECF No. 1-5 at 1; Pet., Ex. A, ECF No. 1-3 at 2-3.) Exhibit B to the petition is Petitioner's superseding indictment and an excerpt from the Government's appellate brief, in which Petitioner argues the Government "fraudulently defended the sentence of the court as being authorized based on the government serving Petitioner notice by and through the superseding indictment and filing the required 21 U.S.C. § 851 notice. (Id.; Pet., Ex. B, ECF No. 1-3 at 5-10.) Petitioner further explains:

> the fallacy with this position is that the Court struck the "notice from the indictment based on the premise it was legally impossible for Petitioner's sentence could be aggravated based on a prior conviction which came years after the instant offense. In addition, Probation also determined that the §851 notice was inapplicable. See Exhibit C(excerpt from PSI). The Sentencing Court exceeded its authority in imposing a sentence of 30 years.

(Petr's Mem., ECF No. 1-5 at 3; Pet., Ex. C, ECF No. 1-3 at 7.) Petitioner argued that Section 2255 is an ineffective or inadequate remedy because § 2255 applies only to "final" sentences, and illegal, unauthorized sentences can never be final. (Mot. to Alter/Amend, ECF No.5 at 4.)

This Court held that it lacked jurisdiction under § 2241 because Petitioner's challenge to the length of his sentence should

3

have been brought under § 2255 and a remedy under § 2255 is not inadequate or ineffective because the petitioner cannot meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). (Opinion, ECF No. 3 at 6.)

II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Petitioner's motion was timely.

When a party seeks reconsideration of a judgment, the judgment

> may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Here, Petitioner asserts his claim under the third prong, the need to correct a clear error of law or fact to prevent manifest injustice. (Mot. to Alter/Amend, ECF No. 5 at 1.) Petitioner contends that (1) the Court's ruling is an unconstitutional suspension of the writ of habeas corpus; (2) the Court overlooked

4

critical facts including (a) Petitioner was convicted by two courts effectively rendering § 2255 ineffective or inadequate; (b) Petitioner, who is an alien, was sentenced under an unconstitutional sentencing scheme (declared so after Petitioner's conviction/direct appeal and initial § 2255); (c) In re Dorsainvail, 119 F.3d 245, 251 (3d Cir. 1997), focuses on when the second or successive limitations would cause a "complete miscarriage of justice"; (d) Inadequacy and ineffectiveness must be assessed as of the time the § 2241 petition is filed, and not as of the time when the initial § 2255 was submitted; and (4) Section 2255 by its express terms only applies to sentences that are "final," because Petitioner's sentence is illegal it can never be a final sentence. (Mot. to Alter/Amend, ECF No. 5.)

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

The substitution of a collateral remedy under 28 U.S.C. § 2255 for a writ of habeas corpus under § 2241 does not constitute a suspension of the writ of habeas corpus if § 2255 is not

inadequate nor ineffective to test the legality of a person's detention. In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997) (citing Swain v. Pressley, 430 U.S. 372, 381 (1977)); see McKoy v. Apker, 156 F. App'x 494, 496 (3d Cir. 2005) (per curiam) (AEDPA's restrictions on successive petitions "do not amount to a 'suspension' of the writ") (citing Felker v. Turpin, 518 U.S. 651, 664 (1996)).

Here, as in McKoy, Petitioner's claim that his original sentence was in error could have been presented in his § 2255 motion; and raising the claims in a § 2241 petition amounts to nothing more than an attempt to circumvent the gatekeeping provisions of § 2255. McKoy, 156 F. App'x at 496 ("McKoy's claims could have been presented in his § 2255 motion.") Thus, § 2255 is not an inadequate nor ineffective means of challenging Petitioner's sentence, and dismissal of his § 2241 petition does not constitute a suspension of the writ of habeas corpus.

Petitioner asserts that the Court overlooked the fact that he was convicted by two courts, which he claims renders § 2255 inadequate or ineffective. In support of this otherwise unexplained argument, Petitioner cites to Cohen v United States, 593 F.2d 766, 771 & n.2 (6th Cir. 1979). Cohen is distinguishable because the petitioner was challenging the execution of his sentence rather than an impropriety in the sentence imposed on him. Cohen v. United States, 593 F.2d at 770. Cohen's theory was

6

that his parole process was tainted because the prosecuting attorneys, in three jurisdictions in which he entered into plea agreements, "have not conducted themselves vis-a-vis the Parole Board in accordance with their obligations under the plea bargaining agreements." Cohen, 593 F.2d at 770.

In this case, Petitioner contends the sentence imposed on him by the U.S. District Court, Western District of North Carolina was in excess of the maximum prescribed by law. "Under § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it 'was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (citing United States v. Hayman, 342 U.S. 205, 216-217 (1952)). This statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. Id. The fact that Petitioner cannot meet the gatekeeping requirements of § 2255 does not render § 2255 an inadequate or ineffective remedy. See Okereke v. U.S., 307 F.3d 117, 120-21 (3d Cir. 2002) ("under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for [the petitioner] to raise his Apprendi argument.")

Petitioner also seeks reconsideration on the basis that he is

an alien who was sentenced under an unconstitutional sentencing scheme "(declared so after Petitioner's conviction/direct appeal and initial § 2255)." (Mot. to Alter/Amend, ECF No. 5 at 3.) Petitioner has not identified an intervening change in law that made the crime for which he was convicted no longer criminal, as would permit him under Dorsainvil to challenge his sentence under § 2241.

Petitioner also seeks reconsideration on the basis that the inadequacy and ineffectiveness of a remedy under § 2255 must be assessed as of the time the § 2241 petition is filed, and not at the time when the initial § 2255 was submitted. (Mot. to Alter/Amend, ECF No. 5 at 4.) Petitioner has not described why the § 2255 remedy was inadequate or ineffective as of the time the § 2241 petition was filed as opposed to the time when his § 2255 motion was decided on December 9, 2005. For example, he has not identified an intervening change in law, that occurred after December 9, 2005, that made the crime for which he was convicted no longer a crime.

Finally, Petitioner argues that § 2255 expressly applies to final sentences and an illegal sentence can never be final. (Id.) This proposition does not relieve Petitioner of the gatekeeping requirements of Section 2255.

III. CONCLUSION

For the reasons discussed above, Petitioner has not

an alien who was sentenced under an unconstitutional sentencing scheme "(declared so after Petitioner's conviction/direct appeal and initial § 2255)." (Mot. to Alter/Amend, ECF No. 5 at 3.) Petitioner has not identified an intervening change in law that made the crime for which he was convicted no longer criminal, as would permit him under Dorsainvil to challenge his sentence under § 2241.

Petitioner also seeks reconsideration on the basis that the inadequacy and ineffectiveness of a remedy under § 2255 must be assessed as of the time the § 2241 petition is filed, and not at the time when the initial § 2255 was submitted. (Mot. to Alter/Amend, ECF No. 5 at 4.) Petitioner has not described why the § 2255 remedy was inadequate or ineffective as of the time the § 2241 petition was filed as opposed to the time when his § 2255 motion was decided on December 9, 2005. For example, he has not identified an intervening change in law, that occurred after December 9, 2005, that made the crime for which he was convicted no longer a crime.

Finally, Petitioner argues that § 2255 expressly applies to final sentences and an illegal sentence can never be final. (Id.) This proposition does not relieve Petitioner of the gatekeeping requirements of Section 2255.

III. CONCLUSION

For the reasons discussed above, Petitioner has not

established the need to correct a clear error of law or fact or to prevent manifest injustice. Therefore, the Court denies Petitioner's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

An appropriate order follows.

Dated: June 5, 2019

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**